UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60911-LEIBOWITZ/AUGUSTIN-BIRCH

DUSTY BUTTON and
MITCHELL TAYLOR BUTTON,

    *Plaintiffs*,

v.

SIGRID MCCAWLEY,

    *Defendant.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Supplement the Amended Complaint (the "Motion") [ECF No. 23], filed on July 22, 2024. Plaintiffs seek to supplement the Amended Complaint with additional defamatory statements made by Sigrid McCawley within a new unseen segment of Good Morning America ("Good Morning America statements"). [ECF No. 23]. Defendant argues in her response that Plaintiffs' Motion is procedurally improper, and the Motion to supplement is futile. [ECF No. 25]. The Court has considered the Motion, the record, and is otherwise fully advised. For the reasons set forth below, the Motion is DENIED.

Defendant argues in her response to the Motion that Plaintiffs violated the Local Rules' meet and confer requirement. [*Id.* at 8]. Local Rule 7.1(a)(3) of the U.S. District Court for the Southern District of Florida provides:

> Prior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . . At the end of the motion, and above the signature block, counsel for the moving party *shall certify* [in accordance herewith.]

*Id.* (emphasis added).  The Rule further states that "[f]ailure to comply . . . may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction[.]"  *Id.*  When used in the Local Rules, the word "counsel" shall be construed to apply to a party if that party is proceeding *pro se*.  S.D. Fla. L.R. 1.1.  Thus, because Plaintiffs failed to certify that they conferred with Defendant prior to filing this Motion, the Motion is denied on those grounds.

Defendant also argues that the Motion is impermissible under Federal Rule of Civil Procedure 15.  [ECF No. 25 at 9].  The Court agrees.  Fed. R. Civ. P. 15(d) provides, in relevant part, that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  While Plaintiffs may not have discovered the Good Morning America statements until after they filed their Amended Complaint (the pleading to be supplemented), the Good Morning America statements occurred prior to, not after, the date Plaintiffs filed their Amended Complaint.  "Accordingly, Rule 15(d) does not apply in this instance, and [Plaintiffs are] not permitted to file the instant motion as a 'supplemental pleading' under Rule 15(d)."  *Noesi v. United States*, 2020 WL 13849162, at *1 (S.D. Fla. May 6, 2020) (citations omitted).  Thus, the Motion is denied on these additional grounds.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 23**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on October 22, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   Dusty Button, *pro se*
      Mitchell Taylor Button, *pro se*
      counsel of record