UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60911-LEIBOWITZ/AUGUSTIN-BIRCH

**DUSTY BUTTON and**
**MITCHELL TAYLOR BUTTON**,

    *Plaintiffs*,

v.

**SIGRID MCCAWLEY**,

    *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiffs Dusty Button and Mitchell Taylor Button's ("Plaintiffs") Motion for Relief Seeking to Backdate their Complaint [ECF No. 30], filed on August 8, 2024. Defendant Sigrid McCawley ("Defendant") submitted a response to the Motion [ECF No. 36], and Plaintiffs submitted a reply [ECF No. 41]. The Court has reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

On May 28, 2024, Plaintiffs filed their original Complaint in this action.[1] [ECF No. 1]. Plaintiffs allege that they mailed their original Complaint on May 23, 2024 via U.S. Postal Service, opting for overnight delivery to ensure that the Complaint arrived at the courthouse by May 24, 2024. [ECF No. 30 at 2]. However, despite this guaranteed delivery, the Complaint was not delivered as scheduled, which resulted in it not being docketed until May 28, 2024. [*Id.*]. Plaintiffs state that they knew their Complaint needed to be filed on May 27, 2024, to meet the statute of limitations for the defamation claims regarding Defendant's statements to Good Morning America on May 27, 2022.

---

[1]     Plaintiffs filed an Amended Complaint on July 12, 2024. [ECF No. 13].

[*Id.*].  Plaintiffs argue that they acted diligently to file their Complaint on time; however, due to circumstances out of their control, the services they paid for failed.  [*Id.* at 3].  Thus, Plaintiffs ask the Court to backdate their Complaint to May 25, 2024.  [*Id.*].

## LEGAL STANDARD

The Court notes that *pro se* plaintiffs are generally held to a more liberal standard of pleading under the Federal Rules.  The Court has a duty to "liberally construe a pro se litigant's assertions[.]" *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (cleaned up).  Nevertheless, even *pro se* litigants must meet certain minimal standards of pleading.  *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981).  The Court is not required to abrogate the basic pleading essentials or conjure up unpled allegations simply because a plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983).

## DISCUSSION

Plaintiffs argue that they were diligent in timely filing their Complaint, but they were delayed by U.S. Postal Service delivery issues.  [ECF No. 30 at 1].  Given these efforts, Plaintiffs request that the Court backdate their Complaint to May 25, 2024.  [*Id.* at 2].  That request is denied.  There is no such thing as backdating a Complaint.  However, this Motion highlights a statute of limitations issue that this Court will clarify in this Order.

Because this case is before the Court on diversity subject-matter jurisdiction, Florida substantive law applies.  *See Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1220 (11th Cir. 2015).  Under Florida law, the statute of limitations for defamation is two years as both Defendant and Plaintiffs are aware.  Fla. Stat. § 95.11(4)(g).  There is no dispute that Defendant's alleged defamatory statements were made in a Good Morning America interview on May 27, 2022; that two years from that date was May 27, 2024, which was Memorial Day; and that Plaintiff filed this action on the following day May 28, 2024.  Florida law provides that "[w]here the last day of a limitation period falls on a Saturday,

2

Sunday or legal holiday the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday." *Moorey v. Eytchison & Hoppes, Inc.*, 338 So. 2d 558, 559 (Fla. 2d DCA 1976); *see also Thorney v. Clough*, 438 So. 2d 985, 987 (Fla. 3d DCA 1983). Therefore, because the last day of the applicable limitations period fell on a legal holiday (Memorial Day), the Court finds that Plaintiffs timely filed this action on the following day (May 28, 2024) when Plaintiffs' original Complaint was filed.

Thus, even if the Court could backdate a complaint, it is not necessary for the Court to do so because the Complaint was timely filed for statute of limitations purposes as to alleged defamatory statements that occurred on May 27, 2022.

## CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that the Motion [**ECF No. 30**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on November 8, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record