UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:24-cv-60911-LEIBOWITZ/AUGUSTIN-BIRCH

DUSTY BUTTON and MITCHELL
TAYLOR BUTTON,

    *Plaintiffs,*

v.

SIGRID MCCAWLEY,

    *Defendant.*
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on United States Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation on Defendant's Motion for Attorneys' Fees [ECF No. 71]. [ECF No. 75 (the "R&R")]. Judge Augustin-Birch recommends granting and denying in part Defendant's Motion for Attorneys' Fees [ECF No. 71]. [ECF No. 75 at 1]. *Pro se* Plaintiffs lodge a litany of objections to the R&R. [*See generally* ECF No. 76]. After careful review of the filings, the applicable law, and the record, the Court overrules all objections and adopts Judge Augustin-Birch's R&R in its entirety.

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (cleaned up). To

the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (cleaned up). Clear error review is also appropriate where a party's objections are "conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge . . . ." *Fibertext Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021) (Scola, J.) (citing *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Here, the Court reviews the R&R for clear error because Plaintiffs' objections merely parrot the *same* exact arguments raised in opposition to Defendant's Motion for Attorneys' Fees and rejected by Judge Augustin-Birch. [*Compare* ECF No. 73, *with* ECF No. 76]. Defendant correctly points this out. [*See* ECF No. 78 at 10–11 (citing many examples of regurgitated argument)]. Plaintiffs cannot ask this Court to "traverse ground already plowed by the magistrate." *Davis v. Comm'r of Soc. Sec.*, No. 23-cv-02075, 2025 WL 879980, at *1 (M.D. Fla. Mar. 21, 2025) (alteration adopted) (citation and internal quotation marks omitted). Their decision to do so warrants scrutiny under clear error review. Finding none, the Court adopts the R&R.[1]

In addition, the Court must acknowledge what appears to be Plaintiffs' frequent use of artificial intelligence ("AI") to generate hallucinated citations and quotations. To the Court's count, Plaintiffs cited non-existent authorities, misquoted cases, and misrepresented court orders over *fifty* times. Despite Judge Augustin-Birch's admonition to Plaintiffs to "ensure that all of their caselaw quotations

---

[1] Even applying *de novo* review, Plaintiffs' meritless objections cannot be sustained. *See Russomanno v. Comm'r of Soc. Sec.*, No. 24-cv-01641, 2025 WL 2383541, at *1–2 (M.D. Fla. Aug. 18, 2025) ("Applying either clear error or *de novo* review here, the Court reaches the same findings and conclusions as the Magistrate Judge in her Report."). To the extent Plaintiffs raise new argument not put forth before Judge Augustin-Birch, that is rejected. *See Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (stating that a "district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

and citations are accurate" [ECF No. 75 at 5], Plaintiffs continue to put forth nonexistent and mischaracterized authority before this Court.

It is well-settled that Rule 11 of the Federal Rules of Civil Procedure "applies equally to pro se litigants." *Grimshaw v. Metro. Life Ins. Co.*, No. 11-14165-CIV, 2011 WL 13319575, at *1 (S.D. Fla. Aug. 2, 2011) (citing *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010)); *see also Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) ("Rule 11 applies to pro se plaintiffs . . . ."). In relevant part, Rule 11 reads:

> **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(2) (emphasis added).

Aside from Rule 11, "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (cleaned up) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). "To exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith." *Versant*, 2025 WL 1440351 (citing *McDonald v. Cooper Tire & Rubber Co.*, 186 F. App'x. 930, 931 (11th Cir. 2006)). Courts employ a subjective bad-faith standard here. *See Purchasing Power, LLC*, 851 F.3d 1219, 1224 (11th Cir. 2017). A subjective bad-faith standard can be met if a party's conduct is so egregious that it could only be committed in bad faith. *See id.* at 1224–25. While recklessness alone cannot constitute bad faith, a filing that is both reckless and frivolous can constitute bad faith. *Id.* at 1223–25.

"Bad faith exists when the court finds that a fraud has been practiced upon it, or 'that the very temple of justice has been defiled,' or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Allapattah Servs., Inc. v. Exxon Corp*, 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (Gold, J.) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991); *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1545–46 (11th Cir. 1993)); *see also Quantum Communs. Corp. v. Star Broad., Inc.*, 473 F. Supp. 2d 1249, 1268–69 (S.D. Fla. 2007) (Martinez, J.). When the court uses its inherent powers to punish a party, there must be a direct causal link between the condemned conduct and the resulting costs. *Haeger*, 581 U.S. at 108. Sanctions under the Court's inherent powers are compensatory, not punitive. *Id.*

Here, Plaintiffs have brazenly defiled their submissions to the Court with fake citations. That Plaintiffs' filings were made in bad faith is the only reasonable conclusion. The timeline of events makes this abundantly clear.

The first time Defendant and this Court noticed Plaintiffs' potential hallucinated citations was in Plaintiffs' response to Defendant's Motion for Attorneys' Fees. (For the sake of brevity, the Court highlights just a few of the countless examples from this submission.) In that response, Plaintiffs cited *Parekh v. CBS Corp.*, 820 F. App'x 827, 836 (11th Cir. 2020) with the following quotation: "Dismissal based on a legal defense does not equate to frivolity." [*See* ECF No. 73 at 2]. As Judge Augustin-Birch correctly pointed out, *Parekh* says nothing to that effect. [ECF No. 75 at 4]. Plaintiffs also attributed several quotations to cases like *In re Shell Oil Refinery*, 152 F.R.D. 526, 531 (E.D. La. 1989) to support their arguments. [*See* ECF No. 73 at 11]. But none of the cases contain the quoted material that Plaintiffs cited. Moreover, Plaintiffs cited several cases that simply do not exist: *Lopez v. Bank of Am., N.A.*, No. 14-cv-2524, 2016 WL 4131149 (N.D. Cal. Aug. 3, 2016); *Harris v. City of Auburn*, 2018

4

WL 3329858 (M.D. Ala. July 6, 2018)[2]; *Avery v. Ward*, 2014 WL 4748452, at *3 (S.D. Ala. Sept. 23, 2014); *In re: Marriage of Smith*, 195 Cal. App. 4th 1007, 1018 (2011). [ECF No. 73 at 8, 11].

On reply, Defendant brought this to the Court's attention. [*See* ECF No. 74 at 16]. When the undersigned referred the motion to Judge Augustin-Birch, Her Honor admonished Plaintiffs. [*See* ECF No. 75 at 4–5]. She correctly underscored that Plaintiffs cited several non-existent cases and misattributed quotes to others like *Parekh*. [*Id.* at 4]. Although Judge Augustin-Birch did not recommend sanctions at the time, as this was ostensibly *pro se* Plaintiffs' first time having their citations called into doubt, Her Honor instructed Plaintiffs to "ensure that all of their caselaw quotations and citations are accurate." [*Id.* at 5]. Plaintiffs utterly failed to heed that warning and continued to misrepresent the Court using hallucinated citations.

Indeed, in their objections to the R&R, Plaintiffs doubled down on providing fake and hallucinated case citations and quotations. The most glaring example is Plaintiffs' complete disregard for what Judge Augustin-Birch stated concerning the falsely attributed quotation to *Parekh*. That *same* citation appears once again in Plaintiffs' objections. [*See* ECF No. 76 at 3]. Plaintiffs simply removed the quotation marks, but still misrepresent that *Parekh* stands for the proposition that dismissal does not equate to frivolity. [*See id.*]. Plaintiffs do this with numerous other citations in their objections and continue to deceive the Court with fabricated authority and quotations. [*Compare, e.g.*, ECF No. 76 at 11–12 (misstating that *Shell Oil Refinery* holds that attorneys "may not use confidential information obtained in one matter to gain advantage in another," *with* ECF No. 73 at 11 (similar); *see also* ECF No. 76 at 18 (citing *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) for the proposition

---

[2]   This citation instead turns up *Mali v. British Airways*, 2018 WL 3329858 (S.D.N.Y. July 6, 2018). There is a *Harris v. City of Auburn* case in existence, but it is 1994 decision from the Seventh Circuit involving a motion to vacate a prior order dismissing a case with prejudice. *See Harris v. City of Auburn*, 27 F.3d 1284 (7th Cir. 1994).

that "[c]ourts must exercise extreme restraint in awarding attorneys' fees against pro se litigants," which does not exist in the case)].

It gets much worse. Plaintiffs addressed Judge Augustin-Birch's express admonition in her R&R by stating the following in a footnote:

> If particular citations in Plaintiffs' filings were inaccurate, that goes to the limited question of counsel competence or harmless error—not to the statutory two-prong Anti-SLAPP inquiry. That magistrate should have conducted a full evidentiary review of the statutory elements rather than relying on citation-based characterizations to infer lack of merit.

[ECF No. 76 at 3–4 n.2]. Plaintiffs' mischaracterization of Her Honor's R&R is not only wrong, but also suggests more indicia of bad faith and that Plaintiffs were on notice of their misrepresentations.[3] The R&R clearly exhausted the full analysis under the Anti-SLAPP statute to find that Plaintiffs' lawsuit was without merit and brought primarily because Defendant exercised her constitutional right of free speech in connection with a public issue. [*See* ECF No. 75 at 3, 5–6]. This is not the only time Plaintiffs mischaracterize and misquote the R&R. For instance, Plaintiffs state in their objections that the "R&R repeats Defendant's rhetoric that Plaintiffs are 'serial litigants,' asserts Plaintiffs filed the case to 'harass' and concludes the lawsuit was 'retaliatory.'" [ECF No. 76 at 17]. This language appears nowhere in Her Honor's Order. [*See generally* ECF No. 75].

---

[3] Not to mention the several courts across the country that have reprimanded Plaintiffs for hallucinated citations to legal authority. *See, e.g.*, *Button v. Humphries*, No. 24-cv-01730, 2025 WL 2994725, at *4 n.2 (C.D. Cal. Sept. 12, 2025) ("The Buttons' pro se status does not warrant use of AI to fabricate case law. Such conduct may subject the Button to monetary or others sanctions."); *Button v. Doherty*, No. 24 Civ. 5026, 2025 WL 2776069, at *5 n.7 (S.D.N.Y. Sept. 30, 2025) (Cronan, J.) ("Plaintiffs object to various findings that Judge Parker did not make . . . . In addition, Plaintiffs seem to present quotations from cases that do not exist."); *Button v. Jimison*, No. 25-cv-05622, 2025 WL 2958545, at *2 (W.D. Wash. Oct. 17, 2025) ("The Court advises Plaintiffs that they are responsible for verifying that all information and all citations submitted are accurate and real pursuant to Federal Rule of Civil Procedure 11. Plaintiff should not rely on artificial intelligence programs to conduct research or draft legal arguments.").

6

Then, in their reply to Defendant's response in opposition to Plaintiffs' objections, Plaintiffs posit that "they do not rely on artificial intelligence to generate or fabricate legal authority," and that all "citations were located through conventional legal research using publicly available databases and court records." [ECF No. 79 at 6 n.1]. Given the timeline and record currently before the Court, the Court is skeptical, to say the least.

Plaintiffs admit that "**two citations were incorrect**" and that those errors were "inadvertent, promptly corrected, and never resulted in sanctions or findings of bad faith." [*See id.* at 6 (emphasis in original) (footnote omitted)]. Tellingly, Plaintiffs do not specify which two alleged citations they refer to nor how they were "promptly corrected." [*See generally* ECF Nos. 76, 79]. Added to the Court's suspicion is Plaintiffs' sudden turn to representing that "[c]ourts routinely . . . " or "repeatedly hold . . . ," followed by *no* citation to legal authority. [*See, e.g.*, ECF No. 79 at 6–10]. Plaintiffs cannot now backpedal and merely cite the same unsupported proposition of law, omit the fabricated citation, and claim that no AI or other tool is used to draft court documents. Still, Plaintiffs cannot help themselves. At the end of their reply, they cite *Schwartz*, 341 F.3d at 1225 (previously cited in their objections to the R&R [ECF No. 76 at 18]) for the following statement of law: "Courts must exercise restraint and ensure careful due process before imposing attorneys' fees against pro se litigants." [ECF No. 79 at 10]. Unsurprisingly, the quote does not appear anywhere in the Eleventh Circuit's opinion in *Schwartz*.

Plaintiffs' belief that misrepresenting citations "goes to the limited question of counsel competence or harmless error" and "do[es] not establish bad faith" is flatly incorrect. [*See* ECF No. 76 at 3 n.2; ECF No. 79 at 6]. Courts in this District have not hesitated to sanction parties, even *pro se* litigants, for fake or hallucinated citations. *See, e.g.*, *O'Brien v. Flick*, No. 24-61529-CIV, 2025 WL 242924, at *6–7 (S.D. Fla. Jan. 10, 2025) (Damian, J.) (dismissing *pro se* plaintiff's action for filing memorandum based in part on non-existent case law under the court's inherent authority). As such,

the Court will also overrule Plaintiffs' objections under its inherent authority due to Plaintiffs' bad faith conduct. This sanction is not to punish Plaintiffs, but rather to "redress the wronged party" (here, Defendant) for "losses sustained," *see Haeger*, 581 U.S. at 108, such as wasted time responding to frivolous objections riddled with fictitious citations to both legal authority and factual propositions.

The Court is also inclined to further sanction Plaintiffs under Rule 11, including but not limited to payment of some or all of the attorneys' fees not recommended by Judge Augustin-Birch. [*See* ECF No. 75 at 14 (recommending the award of $11,740 in attorneys' fees out of the requested $32,259)]. However, Plaintiffs must first be given an opportunity to respond to this Court's Order. *See Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) ("The initiating court must employ (1) a 'show-cause' order to provide notice and an opportunity to be heard; and (2) a higher standard ('akin to contempt') than in the case of party-initiated sanctions.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Augustin-Birch's R&R [**ECF No. 75**] is **AFFIRMED AND ADOPTED**.

2. Plaintiffs' objections to the R&R [**ECF No. 76**] are **OVERRULED**.

3. Defendant's Motion for Attorneys' Fees [**ECF No. 71**] is **GRANTED IN PART AND DENIED IN PART**. Defendant is awarded $11,740 in attorneys' fees.

4. Plaintiffs shall **SHOW CAUSE** in writing why they should not be sanctioned under Rule 11 for hallucinated and fabricated citations to legal authority and the record **no later than February 25, 2026**. <u>Plaintiffs are cautioned against providing additional fabricated citations in their response to this Order *and* are instructed to include a signed certification appended at the bottom of their response (1) stating whether they personally reviewed the filing and that *each* cited court decision or factual assertion is accurate; and (2) if so, describing in detail the steps taken to verify the accuracy of all legal authorities and factual</u>

8

assertions. Failure to timely respond to this Order, or to include this signed certification, will result in the imposition of sanctions *without further notice.*

**DONE AND ORDERED** in the Southern District of Florida on February 4, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record
      Dusty and Mitchell Taylor Button
      101 Ocean Sands Court
      Myrtle Beach, SC 29579
      PRO SE